TO: Clerk's Office
## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK



**APPLICATION FOR LEAVE
TO FILE DOCUMENT UNDER SEAL**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
United States

-v.-    21-MJ-45
Jovan Daniels    Docket Number

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SUBMITTED BY: Plaintiff____ Defendant____ DOJ ✓
Name: AUSA Kevin Trowel
Firm Name: USAO-EDNY
Address:   271 Cadman Plaza East
           Brooklyn, NY 11201
Phone Number: (718) 254-6469
E-Mail Address: kevin.trowel@usdoj.gov

INDICATE UPON THE PUBLIC DOCKET SHEET: YES____ NO ✓
If yes, state description of document to be entered on docket sheet:

**A) If pursuant to a prior Court Order:**
Docket Number of Case in Which Entered:_____
Judge/Magistrate Judge:_____
Date Entered:_____

**B) If a new application,** the statute, regulation, or other legal basis that authorizes filing under seal

ongoing investigation; target at large; 28 USC s. 1651

**ORDERED SEALED AND PLACED IN THE CLERK'S OFFICE, AND MAY NOT BE UNSEALED UNLESS ORDERED BY THE COURT.**

DATED: Brooklyn                              , NEW YORK
       1/15/2021
                    *Lois Bloom*

**U.S. MAGISTRATE JUDGE LOIS BLOOM**

RECEIVED IN CLERK'S OFFICE 1/15/2021
                                    DATE

**MANDATORY CERTIFICATION OF SERVICE:**
A.) ___ A copy of this application either has been or will be promptly served upon all parties to this action, **B.)** ___ Service is excused by 31 U.S.C. 3730(b), or by the following other statute or regulation:_____ ; or **C.)** ✓ This is a criminal document submitted, and flight public safety, or security are significant concerns. (Check one)

1/15/2021
DATE                         SIGNATURE

NS:KMT/JRS
F. #2020R00304

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - against -

JOVAN DANIELS,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

<u>AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT</u>

21-MJ-45

(18 U.S.C. §§ 922(g)(1), 924(c)(1)(A)(i), 2; 21 U.S.C. § 841(b)(1)(C))

EASTERN DISTRICT OF NEW YORK, SS:

      MATTHEW WIEDEMER, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

      On or about January 2, 2021, within the Eastern District of New York, the defendant JOVAN DANIELS, together with others, did knowingly and intentionally possess with intent to distribute a controlled substance, which offense involved a substance containing oxycodone hydrochloride, a Schedule II controlled substance.

      (Title 21, United States Code, Sections 841(a) and 841(b)(1)(C); Title 18, United States Code, Section 2)

      On or about January 2, 2021, within the Eastern District of New York, the defendant JOVAN DANIELS, together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a drug trafficking crime, to wit: the drug

trafficking crime alleged in the preceding paragraph, and did knowingly and intentionally possess such firearms in furtherance of said drug trafficking crime.

(Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2)

On or about January 2, 2021, within the Eastern District of New York, the defendant JOVAN DANIELS, knowing that he had been previously convicted in a court of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign commerce a firearm, to wit: a Taurus, Model G2C, .40 caliber pistol bearing serial number ABH816765 and ammunition.

(Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.  I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been involved in the investigation of numerous cases involving the recovery of narcotics, firearms and ammunition.  I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.  Where I describe the statements of others, I am doing so only in sum and substance and in part.

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

2. On or about January 2, 2021 at approximately 3:40 p.m., four detectives from the New York City Police Department ("NYPD") were on patrol in the East New York neighborhood of Brooklyn, New York.[2] They were patrolling in two unmarked cars, with two detectives in each car. Detective-1 and Detective-2 were in the lead car (Car-1), and Detective-3 and Detective-4 were following behind them (Car-2).

3. While driving on Georgia Avenue in the vicinity of 333 Georgia Avenue in the East New York neighborhood of Brooklyn, Detective-3, who was driving Car-2, observed a Nissan Altima (the "Altima") parked in front of Georgia Avenue, in which the occupants appeared to be smoking marijuana. Detective-3 could smell the odor of marijuana from inside Car-2.

4. At the time of the incident described herein, Detective-3 was involved in an investigation concerning acts of gang-related violence, including murder, in the vicinity of 333 Georgia Avenue, and he recognized the driver of the Altima as John Doe #1, an individual whose identity is known to the affiant. Detective-3 knew John Doe #1 to be a resident of 333 Georgia Avenue. Detective-3 also knew John Doe #1 to be a member of a violent gang called the "333Gz," which consists of individuals who reside in 333 Georgia Avenue and their associates. Detective-3 was generally aware of information provided by a

---

[2] Because multiple law enforcement personnel were involved in the arrest of this defendant, I refer to them as Detective-1, Detective -2, Detective-3 and Detective -4 for ease of reference. The identities of each of these individuals are known to the affiant, and I and/or another law enforcement officer have interviewed each of these individuals about the events set forth herein.

confidential informant ("CI") that John Doe #1 has been involved in acts of violence, including numerous shootings, related to his membership in the 333Gz gang.[3]

       5.      Detective-3 stopped Car-2 next to the Altima. He and Detective-4 exited Car-2 and approached the Nissan Altima. Detective-3 approached the driver's side of the Altima and Detective-4 approached the front passenger side of the Altima.

       6.      Detective-1 was driving Car-1. When Detective-1 heard over the radio that Detective-3 had stopped Car-2 in order to approach the Altima, Detective-1 stopped Car-1 a short distance ahead of Car-2. Detective-1 and Detective-2 exited Car-1 and began walking back towards the Altima.

       7.      When Detective-3 approached John Doe #1, who was in the driver's seat of the Altima, John Doe #1 said in substance and in part, "we are just smoking." Detective-3 observed John Doe #1 with a lit marijuana cigarette and smelled a strong odor of marijuana coming from the Altima.

       8.      Detective-3 directed John Doe #1 to exit the Altima, and John Doe #1 complied. Once John Doe #1 was out of the Altima, Detective-3 patted him down for weapons. Detective-3 did not find any weapons on John Doe #1, and he then directed John Doe #1 to move towards the back of the car, where Detective-2 was standing.

       9.      During Detective-3's interaction with John Doe #1, Detective-4 was standing on the passenger side of the Altima, watching John Doe #1 and the other two

---

[3] The CI was arrested and charged in the Eastern District of New York with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He has proffered with the government on several occasions in the hopes of receiving a cooperation agreement. The information provided by the CI has been corroborated by other sources, including surveillance video and social media pages.

5

passengers of the Altima.  From Detective-4's vantage point outside the Altima, he observed in plain view on the back passenger-side seat of the Altima a small silver package that Detective-4 recognized from his training and experience as the kind of packaging that is frequently used for high quality marijuana.

10.     After Detective-3 removed John Doe #1 from the Altima, Detecictve-4 directed the woman in the front passenger seat, whose identity is known to the affiant, to exit the Altima. She complied, at which time Detective-3 checked the pockets of her jacket for weapons, and then directed her to stand near the rear of the car.

11.     Detective-3 then asked the individual in the back seat, subsequently identified as JOVAN DANIELS, to exit the vehicle.  DANIELS complied and Detective-3 patted him down for weapons.  In the course of the pat down, Detective-3 felt a rectangular metal object in DANIELS's pocket that Detective-3 believed to be a firearm magazine. Detective-3 asked DANIELS to identify the object in his pocket and DANIELS falsely answered that it was his keys.

12.     Detective-3 removed the object from DANIELS's pocket and observed that it was a magazine for a firearm loaded with rounds of ammunition.  Detective-3 alerted the other detectives and proceeded to handcuff DANIELS.  Detective-3 then continued the pat down in the vicinity of DANIELS's waistband, at which time he located a .40 caliber handgun bearing serial number ABH816765 tucked into DANIELS's pants.

13.     All three occupants of the car were placed under arrest.[4]

---

[4] I am aware from discussions with an Assistant United States Attorney that, under New York State law, "[t]he presence in an automobile . . . of any firearm . . . is presumptive evidence of its possession by all persons occupying such automobile at the time

14. Thereafter, a New York City Police Department squad car arrived to take the three occupants of the Altima to the precinct for processing. Detective-4 drove the Altima, which had been running throughout the interaction, back to the precinct.

15. At the precinct, Detective-3 ran the Altima's New Jersey temporary license plate number through a law enforcement database and determined that it was a fraudulent license plate.

16. Detective-1 and Detective-4 conducted a search of the Altima.[5] In the back seat of the Altima, Detective-4 located one silver package of green vegetative material that he believed, based on his training and experience, to be marijuana. He also located a white "Gucci" bag sitting on the back seat, under which he located another silver package containing green vegetative material that he believed to be marijuana, $190 in cash, and a clear sandwich bag containing 35 pills that law enforcement subsequently identified as oxycodone hydrochloride, more commonly known as OxyContin. He recovered a partially smoked marijuana cigarette from a cup holder in the front of the vehicle.

17. I am aware from my training and experience that oxycodone hydrochloride is an opioid that is a Schedule II controlled substance under federal law and

---

such weapon . . . is found," except under certain circumstances not present at the time of the incident described herein. N.Y.P.L. § 265.15(3).

[5] I am aware from speaking to an Assistant United State Attorney that the odor of marijuana emanating from the car, the detectives' observation of the occupants smoking marijuana, the statement from John Doe #1 that the occupants were smoking and Detective-4's observation of a package that, based on his training and experience, he believed to contain marijuana, gave rise to probable cause to search the Altima. See, e.g., United States v. Goolsby, 820 F. App'x 47, 49 (2d Cir. 2020) (citing United States v. Jackson, 652 F.2d 244, 251 n.6 (2d Cir. 1981)).

New York State law.  I am further aware from my training and experience that oxycodone hydrochloride is highly addictive and that it is sold to addicts on the street, typically in quantities of one or two pills at a time, typically for $10 or $20 per pill, depending on the strength of the pill.  Based on my training and experience, there is probable cause to believe that 35 oxycodone hydrochloride pills is a distribution quantity of such pills.

        18.     I have reviewed DANIELS's criminal history, and it indicates that, on or about January 13, 2016, he was convicted in the Commonwealth of Pennsylvania of the felony offense of retail theft, in violation of 18 Pa. Cons. Stat. § 3929(a)(1), for which he was sentenced to a term of one year and 11 months' imprisonment.  It further indicates that on or about May 24, 2017, he was convicted in the State of Ohio of the felony offense of tampering with records, in violation of Ohio Revised Code § 2913.42.  He was sentenced to a term of one year and five months' imprisonment.

        19.     I have conferred with an interstate nexus expert, a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), who has informed me, in substance and in part, that the firearm and ammunition recovered in this case were manufactured outside the state of New York.

<u>REQUEST FOR SEALING</u>

        20.     It is respectfully requested that this Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the application and arrest warrant, as disclosure would give the target of the investigation an opportunity to change patterns of behavior and flee from or evade prosecution and therefore

have a significant and negative impact on the continuing investigation that may severely jeopardize its effectiveness.

WHEREFORE, your deponent respectfully requests an arrest warrant for the defendant JOVAN DANIELS, so that he may be dealt with according to law.

/s/ Matthew Wiedemer

MATTHEW WIEDEMER
Special Agent
Federal Bureau of Investigation

Sworn to before me by telephone this
 15  day of January, 2021

*Lois Bloom*

THE HONORABLE LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| United States of America | ) |
|---|---|
| v. | ) |
| JOVAN DANIELS | ) Case No. 21-MJ-45 |
| | ) |
| *Defendant* | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* JOVAN DANIELS ,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment   ❏ Superseding Indictment   ❏ Information   ❏ Superseding Information   ☑ Complaint
❏ Probation Violation Petition   ❏ Supervised Release Violation Petition   ❏ Violation Notice   ❏ Order of the Court

This offense is briefly described as follows:

distributiong and possessing with intent to distribute oxycodone hydrochloride on or about Jan. 2, 2021, in violation of 21 U.S.C. s. 841(b)(1)(C); using, carrying and possessing a firearm in furtherance of a drug trafficking crime on or about January 2, 2021, in violation of 18 U.S.C. s. 924(c); being a felon in possession of a firearm on or about January 2, 2021, in violation of 18 U.S.C. s. 922(g).

Date: 01/15/2021

*Lois Bloom*
*Issuing officer's signature*

City and state: Brooklyn, New York

Hon. Lois Bloom
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____
at *(city and state)* _____ .

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

AO 442  (Rev. 11/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender:

Known aliases:

Last known residence:

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers:

Place of birth:

Date of birth:

Social Security number:

Height:                                    Weight:

Sex:                                       Race:

Hair:                                      Eyes:

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:

Complete description of auto:

Investigative agency and address:

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

**Print**        **Save As...**                                                                                    **Reset**